IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| Plaintiff | § | |
| v. | § | No. 3:21-cv-01526-K-BT |
| | § | |
| AKATSUKI INVESTMENTS, LLC, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Joe Hunsinger under the Telephone Consumer Protection Act (TCPA). Compl. 1 (ECF No. 3). Defendant Akatsuki Investments, LLC (Akatsuki) never responded to the Complaint. The Court thus directed Hunsinger to seek a default judgment against Akatsuki. Ord. (ECF No. 12). Hunsinger then filed an amended complaint, thereby restarting the time period for Akatsuki to respond. *See* Ord. (ECF No. 17). When Akatsuki failed to respond to the Amended Complaint as well, the Court once again directed Hunsinger to seek default judgment. Ord. (ECF No. 18). Notably, the Court specifically warned Hunsinger that, if he failed to request an entry of default and file a motion for default judgment by April 29, 2022, the Court would recommend that his claims be dismissed for want of prosecution. *Id.* Hunsinger has failed to comply, and the time for doing so has passed. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs*

*v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Hunsinger has failed to comply with the Court's order to seek default judgment against Akatsuki. Moreover, Hunsinger is the only party to appear in this case, and the case cannot continue without further action on his part. *See generally* Fed. R. Civ. P. 55. Thus, Hunsinger has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Hunsinger's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed June 1, 2022.

                                                  REBECCA RUTHERFORD
                                                  UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).